## The Benedictine Order

### vs.

### Potter Palmer.

(Dec. 14, 1880.)

1. VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—MARKETABLE TITLE—WHAT CONSTITUTES. The purchaser of property before he can be compelled to specifically perform his contract has the right to demand a "marketable title," that is, a title which will be saleable in the market. If there is a reasonable doubt it is not a marketable title.

2. SAME—DOUBT AS TO TRUSTS. Certain persons purchased a piece of property as commissioners of the "German Catholic Church" and received a deed "for the German Catholic Church," held that these recitals showed that the commissioners acted in a trust capacity, but did not show for what church nor by whom the purchase money was paid.

Bill for specific performance.  The facts are stated in the opinion.

TULEY, J. :—

In the view I take of this case it is not necessary for me to pass upon the validity of the title held by complainant nor whether its deed, together with that of the bishop's, will confer a good title.  The purchaser of property, before he can be required to specifically perform the contract, has the right to demand a marketable title.  I use the term "marketable title" in the sense used by the American courts, not in the technical sense it is used by the English courts.  It must be a title which will be a saleable title in the market.  Unless a title is free from any reasonable doubt, it is not a marketable title, nor is it one as to which a chancellor will enforce specific performance.  The doubt affects the discretion which in such cases is vested in a chancellor.  This doubt concerning a title may relate either to the facts or the law of the case.  If as to the law of the case, it may be as to the construction of some deed or instrument which enters into the chain of title.

Steffen and Briesbach purchased in 1848 of the canal trustees, as commissioners of the German Catholic Church, and in 1852 received a deed for the "German Catholic Church." These recitals show they acted in a trust capacity, but for what church?  With whose money does not appear by record or oral proof.  I cannot assume that the church was the St. Joseph Church, nor that the congregation of that church furnished the money.  Nor can I assume that the money came from the bishop's treasury.

Not only does this lack of evidence create a reasonable doubt, as to the trusts upon which Steffen and Briesbach held the property, but on account thereof I am unable to give a construction to the trusts afterwards declared in the deeds of Steffen and Briesbach to the bishop and the deed of the bishop to the Benedictine Order.

I am inclined to the opinion that the purchaser having the deed of the complainant and of the bishop would never be

disturbed in possession, but under the law, well settled, there being a "reasonable doubt" as to this title, and it not being, by reason thereof, a "marketable title," I cannot force this defendant to accept of the same.